(No. 91-CV-0354

*In re* APPLICATION OF CRYSTAL Y. and VIRGINIA J. PATTON

*Opinion filed November 6, 1991.*

*Order filed December 3, 1993.*

CRYSTAL Y. PATTON and VIRGINIA J. PATTON, *pro se*, for Claimants.

ROLAND W. BURRIS, Attorney General (JAMES MAHER and CHARLES DAVIS, JR., Assistant Attorneys General, of counsel), for Respondent.

## OPINION

MONTANA, C.J.

This claim arises out of an incident that occurred on July 7, 1990. Crystal Y. Patton, wife of the deceased victim, Charlie Lee Patton, and Virginia J. Patton, mother of the victim's minor child, Charles Lemont Patton, seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. (1989), ch. 70, par. 71, *et seq.*

This Court has carefully considered the applications for benefits submitted on August 10, 1990, and August 17, 1990, respectively, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the applications. Based upon these documents

and other evidence submitted to the Court, the Court finds:

(1) That on July 7, 1990, Charlie Lee Patton, age 39, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: first degree murder. Ill. Rev. Stat. (1989), ch. 38, par. 9—1.

(2) That the crime occurred in Chicago, Illinois, and all of the eligibility requirements of section 6.1 of the Act have been met.

(3) That the Claimant, Crystal Y. Patton, seeks compensation for funeral expenses and for loss of support for herself and the victim's minor son, Isaac Lee Patton. The Claimant, Virginia J. Patton, seeks compensation for loss of support on behalf of the victim's minor child, Charles Lemont Patton.

(4) That the Claimant, Crystal Y. Patton, incurred funeral and burial expenses in the amount of $4,967.23, all of which had been paid. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum amount of $3,000.

(5) That section 2(h) of the Act states that loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $1,000 per month, whichever is less.

(6) That the victim's average net monthly earnings were $1,312.53. The victim was 39 years of age at the time of the crime. According to *Vital Statistics of the United States*, Life Tables, volume II (U.S. Department of Health, Education and Human Services 1984), his life expectancy would have been 74.2 years. The projected loss of support for 35.2 years is $422,400, which is in

excess of $25,000 which is the maximum amount compensable under section 10.1(f) of the Act.

(7) That section 2(h) of the Act further states that if a divorced applicant is claiming loss of support for a minor child of the deceased, the amount of support for each child shall be based on the amount of support the minor child received pursuant to the degree for the six months prior to the date of the deceased victim's death.

(8) That under the divorce decree in *Charlie Patton v. Virginia Patton,* No. 84 D 0024999, filed in the circuit court of Cook County, Illinois, the victim was ordered to pay child support for his minor child, Charles Lemont Patton. Available evidence indicates that the victim met his child support obligations at an average of $90 per month.

(9) That the victim's minor child, Charles Lemont Patton, born March 30, 1982, was eight years, three months of age at the time of the incident. Charles Lemont Patton will attain the age of majority on March 30, 2000, which is 117 months after the incident.

(10) That based upon support payments of $90 per month, the projected loss of support for 117 months, the maximum period for loss of support for the victim's child, is $10,530.

(11) That pursuant to section 10.1(e) of the Act, this Court must deduct from all claims, the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds

of the first $25,000 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

(12) That the Claimant, Crystal Y. Patton, has received $43,000 from a life insurance policy as a result of the victim's death, $18,000 of which can be counted as an applicable deduction under section 10.1(e) of the Act.

(13) The Claimant, Virginia J. Patton, has received no reimbursements that can be counted as an applicable deduction under section 10.1(e) of the Act.

(14) The Claimant, Crystal Y. Patton, net loss can be based upon the following:

| | |
|---|---|
| Projected loss of support | $422,400.00 |
| Maximum Funeral Expenses | 3,000.00 |
| Subtotal | $425,400.00 |
| Less Applicable Life Insurance | -18,000.00 |
| Total | $407,400.00 |

(15) That after making all of the applicable deductions under the Act, the net loss of the Claimant, Crystal Y. Patton, is in excess of the $25,000 maximum award allowed in section 10.1(f) of the Act.

(16) The Claimant, Virginia J. Patton, net loss can be based upon the following:

| | |
|---|---|
| Projected Loss of Child Support | $10,530 |

(17) That section 10.1(f) of the Act states that if the pecuniary loss is in excess of $25,000, the maximum amount allowed, the award shall be divided in proportion to the amount of actual loss among the claimants entitled to compensation.

(18) The Claimants' net loss should be prorated respectively in accordance with the percentage of the compensable net loss. The Claimants' net compensable loss is based upon the following:

|  | Total Net Loss | % of Loss | Compensable Amount |
|---|---|---|---|
| Crystal Y. Patton | $407,400.00 | 97.5 | $24,375.00 |
| Virginia J. Patton | 10,530.00 | 2.5 | 625.00 |
| Total | $417,930.00 | 100.0 | $25,000.00 |

(19) That the Claimant Crystal Y. Patton, has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

(20) That the Claimant Virginia J. Patton, has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

(21) That the interest of the Claimant, Crystal Y. Patton, would be best served if the award hereunder would be paid pursuant to the installment provision of section 10.1 of the Act.

It is hereby ordered that the sum of $625 (six hundred twenty-five dollars) be and is hereby awarded to Virginia J. Patton, on behalf of Charles Lemont Patton, minor child of the deceased victim, Charlie Lee Patton, an innocent victim of a violent crime.

It is further ordered that the sum of $24,375 (twenty-four thousand three hundred seventy-five dollars) be and is hereby awarded to Crystal Y. Patton, wife of the deceased victim, Charlie Lee Patton, an innocent victim of a violent crime, to be paid and disbursed to her as follows:

(a) $3,000 (three thousand dollars) to be paid to Crystal Y. Patton in a lump sum;

(b) $12,375 (twelve thousand three hundred seventy-five dollars) to be paid to Crystal Y. Patton for herself and for the use and benefit of the victim's minor child, Isaac Lee Patton in a lump sum;

(c)  9 (nine) equal monthly payments of $1,000 (one thousand dollars) each to be paid to Crystal Y. Patton for the use and benefit of the victim's minor child, Isaac Lee Patton;

(d)  In the event of the death or marriage of the victim's minor children, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.

## ORDER

JANN, J.

This claim for compensation pursuant to the Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*) (hereinafter the "Act") arises out of an incident that caused the death of Charlie Lee Patton on July 7, 1990. Claimant, Crystal Y. Patton, wife of the deceased victim, seeks compensation for funeral expenses, loss of support and loss of support for Isaac Lee Patton, a minor son of the deceased victim. Claimant Virginia J. Patton seeks compensation for loss of support for Charles Lemont Patton, a minor son of the deceased victim.

On November 6, 1991, the Court entered an opinion awarding a total of $25,000. The Court awarded $24,375 to Crystal Y. Patton and Isaac Lee Patton for loss of support and funeral expenses, and $625 to Virginia J. Patton on behalf of Charles Lemont Patton (hereinafter "Charles"). The award for Charles was based upon a child support order requiring the victim to pay child support in the sum of $90 per month. The total net loss was found to be $407,400, of which the loss attributable to the support obligation of Charles was $10,530 or 2.5% of the total loss. The Court divided the maximum award of $25,000 in proportion to the actual loss. On November 13, 1991,

Virginia Patton requested a hearing on this claim, specifically on the issue of whether Charles should receive an award higher than $625. Crystal Patton did not seek review of the opinion.

A hearing was conducted on June 10, 1992, at which Virginia Patton appeared. Crystal Patton did not appear. Virginia Patton testified that the deceased victim was giving Charles $50 per week after the divorce between the victim and Virginia. She stated that she did not need to go back to court to have the child support obligation of $90 per month increased because the deceased victim was giving her $300 to $400 a month for Charles. The victim was paying the costs of Charles' schooling, clothing, sports and health care. The payments by the victim to Virginia on behalf of Charles were made in cash. According to Virginia, the child support order did not specify that the victim was required to provide health insurance or pay health care costs. Neither Claimant nor the Attorney General provided a copy of the child support order and it is not part of the record. Virginia stated that she could document that the victim was paying the cost of health insurance for Charles.

The hearing was continued and Claimant Virginia Patton was given an opportunity to obtain proof, via witnesses or documents, that the deceased victim was providing health insurance to Charles and that the victim was providing additional money or benefits to him.

The continued hearing was held on May 11, 1993. Claimant Virginia Patton appeared, but Claimant Crystal Patton did not appear. Virginia Patton presented three documents for consideration by the Court. No witnesses appeared and Virginia Patton's testimony was consistent with her prior statements.

Claimant's Exhibit No. 1 is a written statement by

Constance Jackson and her signature is notarized. Jackson indicates that she recalls, "times when Charles Patton gave his ex-wife $200 to $300 dollars at a time." Jackson remembers that the victim provided for his son (Charles) in every way possible. Claimant's Exhibit No. 2 is a written statement by Amy G. Hernandez, a teacher of Charles Lemont Patton. The statement does not provide any information on financial support of the victim's son.

Claimant's Exhibit No. 3 is a letter from C. A. Anderson, manager of benefits services for the Chicago Transit Authority (CTA). The letter indicates that Charles would be covered by health benefits (COBRA benefits) for a period of 90 days after the death of his father. The letter implies that Charles was covered by his father's health plan at the CTA. The letter does not indicate whether the deceased victim paid for the coverage and at what cost.

Section 2(h) of the Act defines pecuniary loss for which the applicant may seek compensation. The section specifies:

"If a divorced or legally separated applicant is claiming loss of support for a minor child of the deceased, the amount of support for each child shall be based either on *the amount of support the minor child received pursuant to the judgment* for the 6 months prior to the date of the deceased victim's death ° ° °." 740 ILCS 45/2(h). (Emphasis added.)

Although the divorce decree is not part of the record, Claimant and the Attorney General's office agree that a divorce decree imposed an obligation on the deceased victim to pay $90 in child support for Charles. Regardless of whether the victim voluntarily provided additional financial support to Charles, the victim was not under a legal obligation to do so for the six months prior to the date of his death. Had the deceased victim survived, his legal obligation for support would have been for only $90 per month. The Court need not address the

issue of whether Claimant Virginia Patton can receive a higher award on behalf of Charles if the victim was providing financial support in excess of a court child support order because the exhibits and the testimony do not prove that the victim provided the additional support in any specific amount within six months of victim's death.

We hereby deny Claimant Virginia Patton's petition for additional compensation to the deceased's son, Charles Lemont Patton for the foregoing reasons. The Court's opinion of November 6, 1991, shall stand as entered and this cause is hereby dismissed with prejudice.